# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re Rene R. Ortiz, ) | Bankruptcy Case No. 07-22466-SVK |
| In re Douglas Lynn Lindsey and ) | |
| Betty Jane Lindsey, ) | Bankruptcy Case No. 08-27374-SVK |
| In re Valerie Jones, ) | Bankruptcy Case No. 07-25336-SVK |
| Debtors. ) | |
| ) | |
| ) | |
| Rene R. Ortiz, Douglas Lynn Lindsey, ) | |
| Valerie Jones, on behalf of themselves, ) | |
| their individual bankruptcy estates and all ) | |
| others similarly situated, ) | Adversary Proceeding No. 09-2199-SVK |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| Aurora Health Care, Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFFS' RESPONSE TO MOTION TO DISMISS THE COMPLAINT

Michael J. Watton, Esq.
Watton Law Group
225 E. Michigan Street, Suite 550
Milwaukee, WI  53202
Tel: 414-273-6858
Fax: 414-273-6894
jdrewicz@wattongroup.com
mwatton@wattongroup.com

Plaintiffs Rene R. Ortiz, Douglas Lynn Lindsey and Valerie Jones, on behalf of themselves, their individual bankruptcy estates and all others similarly situated, hereby respond to Aurora Healthcare, Inc.'s Motion To Dismiss Complaint dated July 23, 2009 ("Motion"). Defendant's Motion indicates that Defendant is proceeding under Fed. R. Civ. P. 12 (b)(6), suggesting the Complaint fails to state a claim. However, on its face, the Complaint alleges claims capable of success and therefore Defendant's Motion must be denied.

## CASE OVERVIEW

The Complaint seeks class-wide relief for persons who have filed for Chapter 13 bankruptcy in the Eastern District of Wisconsin and have proofs of claim filed in the public record against their estates by Defendant Aurora Health Care, Inc. Proofs of Claim filed by Defendant disclose private medical treatment and records as attachments to each proof and list the financial account number on the face of each proof. Defendant's policy has been to file proof of claim attachments which violate state and federal privacy statutes.

Defendant's public revelations of the Plaintiffs' individual private, sensitive, confidential health care records, knowingly exposes all Plaintiffs to emotional embarrassment, medical identity theft and identity theft.

Two Causes of Action are brought against Defendant under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. §101, *et. seq.*, for violation of Wis. Stat. §146.82 for Breach of Confidentiality of Patient Health Care Records and for mandatory injunctive relief requiring the Defendant to motion the Court in each underlying bankruptcy case to restrict the viewing of the claims Defendant filed to date and requiring Defendant to file substitute redacted claims to comply with Federal Rule of Bankruptcy Procedure 9037 for Failure to Redact Nonpublic Information and concerns enunciated by the legislature in 11 U.S.C. §107.

1

**FACTS SPECIFIC TO THE NAMED PLAINTIFFS**

In each of the Named Plaintiffs' underlying bankruptcy cases Aurora filed proofs of claim. Each proof of claim listed a financial account billing code for the medical services. Each proof of claim listed medical information including ailments, tests, prescriptions and other medical information. This Court can take judicial notice of the proofs of claim as originally filed with the Clerk of this Court.

On July 9, 2009, Aurora made a telephonic request to this Court's clerk requesting that the Court restrict the viewing, redact or seal the proofs of claim in all three Named Plaintiffs' underlying bankruptcy cases, to halt public access. In anticipation of the Court's Order, the clerk sealed the records. On July 21, 2009, because the face of each proof of claim clearly violated Fed. R. Bankr. P. 9037, and in response to Aurora's request, the Court issued an Order which approved the sealing of the proofs, but also set a date certain by which Aurora must amend the proofs ("Order").

On July 23, 2009, Aurora filed Motions for Reconsideration in the Named Plaintiffs' underlying bankruptcy cases. The reconsideration motions are pending for hearing on the same date as this Motion to Dismiss. The Motions for Reconsideration and Responses to The Motions are incorporated herein by reference and summarized in the footnote below.[1]

---

[1] In the Motions for Reconsideration, Aurora admits it made the request to restrict access to the public record, but now argues this Court made the ruling to seal the proofs and order amended and redacted proofs on its own motion without request.

In response to the Motions for Reconsideration, Plaintiffs here argue that Aurora, through its counsel, cannot, for many reasons, ask this Court for an *ex parte* private favor. No one would suggest Aurora did so, or that the Court would grant such a private favor. As a result the telephone call to the Court's Clerk on July 9, 2009 must be considered a motion.

There are only two mechanisms under which Aurora could have made its request on July 9, 2009 to seal the record, either Fed. R. Bankr. P. 9037 or 11 U.S.C. § 107 (b), or both. The Order of July 21, 2009 correctly notes that each proof of claim "contained personal information in violation of Fed. R. Bankr. P. 9037, and in response to claimant's request, the Clerk has restricted said document from public viewing." Order of July 21, 2009.

Due to the fact that Aurora's position is that Rule 9037 is not violated, but it made a request, the request can only have been made pursuant to 11 U.S.C. §107 (b) and is an admission that the proofs filed by Aurora contain "scandalous and defamatory matter."

2

## STANDARD FOR DECIDING A MOTION TO DISMISS

A motion to dismiss tests whether a plaintiff has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). "A motion to dismiss must receive careful scrutiny and is not often granted." Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F. 3d 417, 420 (7th Cir. 1994), cited in Buchanan v. City of Kenosha, 57 F. Supp. 2d 675, 677 (E.D. WI. 1999). Consequently, "the [trial] court must, [assume] the truth of all well-pleaded factual allegations and draw[] all reasonable inferences in favor of the plaintiff." Reed v. Gardner, 986 F. 2d 1122, 1123 (7th Cir. 1993) (citing Prince v. Rescorp Realty, 940 F. 2d 1104, 1106 (7th Cir. 1991)) (emphasis added). Every reasonable doubt must be resolved in plaintiff's favor. Harris v. Brock, 835 F. 2d 1190, 1193 (7th Cir. 1987) (internal quotation omitted). Plaintiffs' claims must survive if "relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King and Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); see also, Conley v. Gibson, 355 U.S. 41, 45-6, 78 S.Ct. 99, 101-02, 2 L.Ed. 2d 80 (1957).

## ARGUMENT

The Motion to Dismiss is initially based on three arguments:

a. that there is no private right of action to protect debtors and their estates from violations of Court orders by Aurora or for violations by Aurora of the Federal Rules of Bankruptcy Procedure;

b. that Aurora didn't violate the orders or rules; and

c. that the Named Plaintiffs' claims are moot because Defendant unilaterally sought to moot only the Named Plaintiffs' claims.

These arguments by Defendant are based on Defendant's re-characterization of the Complaint

for the benefit of its own argument.  The Complaint on its face cannot be dismissed.

A fourth argument set forth by Defendant solely relates to the state law cause of action and is discussed in Section D, *infra.*

### A. Defendant's First Argument Fails Because This Adversary Is Not A Contempt Proceeding.  The Proof Of Claim Is Objectionable And An Adversary Action Is Required.

Defendant's first argument is that Plaintiffs have no private right of action for violation of Court orders or a violation of the Federal Rules of Bankruptcy Procedure; in other words an action for contempt.  Nowhere in the Complaint do the Plaintiffs maintain a claim for contempt of court.  Yet, Defendant attempts to reconfigure the Complaint to suit its Motion.

Defendant's Brief in support of the Motion states; "The Debtors' First Cause of Action rests solely upon their claim that Aurora violated Bankruptcy Rule 9037 and two District Court Orders. (Compl. at 59.) This claim cannot stand… A claimed violation of a court order fails unless the proponent can 'point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated.' *Select Creations, Inc. v. Paliafito America, Inc.*, 906 F. Supp. 1251, 1271 (E.D. Wis. 1995) (quoting *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1993))."  Aurora Health Care, Inc.'s Brief In Support Of Its Motion To Dismiss The Complaint filed July 23, 2009 ("Defendant's Brief) at 3.  In contrast, the Complaint actually says "59. The District Court Orders entered September 29, 2003, December 1, 2007 and Bankruptcy Rule 9037 prohibit the filing of 'personal information.'"  Defendant assumes the cause of action is for contempt.  Defendant assumes incorrectly.

It is true and undisputed that contempt actions are normally to be raised by motion in the original case in which the original order was filed, but again there is no motion for contempt here.  Defendant does not control the interpretation of the complaint, rather the Plaintiffs are the

4

masters of their own complaint.  See e.g., Katz v. Gerardi, 552 F.3d 558, 563 (7th Cir. 2009)[2].

Plaintiffs are clearly aggrieved by Defendant's disclosure of information into the public record.  The information is improper under many laws attempting to safeguard privacy of medical records, including but not limited to the Health Insurance and Portability and Accountability Act of 1996 ("HIPAA"), Wis. Stat. §146.82, rules including Bankruptcy Rule 9037 and District Court Orders.  In the First Cause of Action, the proofs of claim are objectionable.

An objection to a proof of claim, much like a motion for contempt of an order, is normally filed in the underlying bankruptcy court case from which the proof of claim or contempt arose.  Objections to claims, unlike motions for contempt, are governed by 11 U.S.C. § 502 (a), and Federal Rules of Bankruptcy Procedure 3006, 3007, and 7001.

Clearly, the adversary Complaint here meets the requirements of 11 U.S.C. § 502(a).  The debtors are parties in interest who in writing objected to the proofs of claim.  The applicable bankruptcy rules then state that "[i]f after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding… the creditor may **not** withdraw the claim except on order of the court after a hearing on notice…The order of the court shall contain such terms and conditions as the court deems proper." Fed. R. Bankr. P. 3006 (emphasis added).

Not only does Fed. R. Bankr. P. 3006 allude to the fact that an objectionable claim may be the basis of an adversary proceeding rather than a simple motion, but Federal Rules of Bankruptcy Procedure 3007 and 7001 explicitly require an adversary complaint here.

Rule 3007 (b) states that a party in interest shall not include a demand for relief of the type specified in Rule 7001 in an objection, "but may include the objection in an adversary

---

[2] ("But the plaintiff as master of the complaint may present (or abjure) any claim he likes.")

proceeding." Fed. R. Bankr. P. 3007 (b) (in pertinent part).

Rule 7001 states that adversary proceedings include: "(1) a proceeding to recover money or property…" and "(7) a proceeding to obtain an injunction or other equitable relief…." Fed. R. Bankr. P. 7001 (in pertinent part). Examining the Complaint, the first cause of action seeks a mandatory injunction and the second cause of action seeks monetary damages. Demands for relief of the type indicated in Rule 7001 accompany the claim objection. An adversary complaint is required. Defendant's argument that the Complaint fails to state a claim because an adversary is improper, is clearly incorrect. The Complaint cannot be dismissed on that basis.

### B. Defendant's Second Argument That It Did Not Violate Court Orders Or Rule 9037 Is (A) Not Cause For Dismissal Of The Complaint and (B) Incorrect.

Continuing to argue that this is a contempt action, Defendant next claims that it did not violate the Court Orders or Bankruptcy Rule. Again, there is no contempt action. The only question at this Motion to Dismiss phase is whether Plaintiff can prevail under any provable set of facts.

Are these objectionable proofs of claim? To answer this question, there is already an admission by Aurora in the underlying Named Plaintiffs' Chapter 13 bankruptcy cases that either the proofs of claim violated Fed. R. Bankr. P. 9037 or 11 U.S.C. § 107(b), or both.

The originally filed proofs of claim present facts on their face under which Plaintiffs can prevail. Therefore the Complaint cannot be dismissed.

As a secondary matter it cannot be said that as a matter of law the Defendant complied with the Court Orders and Bankruptcy Rules.

Defendant's Brief indicates that the Orders require a claimant to "Exercise Caution when filing documents in an ECF case that contain…6) medical records, treatment and diagnosis." Defendant's Brief at 4. Defendant then summarily suggests that Debtors cannot show that

6

Aurora violated these Orders. Discovery is likely to indicate that Aurora had no system and exercised no caution when inserting attachments to the proofs of claim that indicated "medical records, treatment and diagnosis." On a Motion to Dismiss, Plaintiffs' allegations are assumed to be true. Defendant's self-serving conclusion cannot be a basis for dismissal of the Complaint.

Likewise, Aurora summarily suggests that the financial account billing number, clearly indicated on the original proofs of claim filed with this Court's clerk (**and now redacted by Aurora**) is not a financial account number for purposes of Rule 9037. Aurora's actions beg the question, why redact the number?

Defendant's self serving and unsupported conclusion that it did not violate the Bankruptcy Rules or Court Orders cannot be the basis for dismissal of the Complaint. Plaintiffs contend that the cumulative violations of not only the Bankruptcy Rules, Court Orders, but also 11 U.S.C. §107(b), HIPAA and the strong public policy protecting medical records and sensitive information support the First Cause of Action for mandatory injunctive relief. The claims based on Wis. Stat. § 146.82, the basis of the second cause of action, likewise cannot be dismissed.

> **C. Defendant's Third Argument Relates Only To The First Cause Of Action For Injunctive Relief. 7th Circuit Case Law Is Clear, Such Thinly Veiled Attempts To Voluntarily Moot A Class Action Are An Improper Basis For Dismissing An Injunctive Class Action.**

The Class Complaint was filed June 23, 2009. Aurora's telephonic request of July 9, 2009 to this Court's clerk seeking action by the Court to restrict the viewing, redact or seal the proofs of claim in the Named Plaintiffs' underlying bankruptcy cases resulted in the sealing of the records. On July 21, 2009, because on the face of each proof of claim information listed clearly violated Fed. R. Bankr. P. 9037, and in response to Aurora's request, the Court issued an Order which approved the sealing of the proofs, but also set a date certain by which Aurora must amend the proofs ("Order").

7

Aurora's Motion to Dismiss based on mootness of the Named Plaintiffs' claims cannot be sustained based on the facts of this case and settled case law.

### 1. The Facts Of This Case Do Not Support Dismissal Of The First Cause Of Action Based On Mootness.

The third argument made by the Defendant in the Motion To Dismiss, is that the Named Plaintiffs cannot maintain a claim for injunctive relief for a class because Defendant picked off the Plaintiffs with voluntary, unilateral, *ex parte* requests for withdrawal, redaction (and later substitution) of proofs of claim without hearing or notice.

Aurora, in the Motions for Reconsideration,[3] indicates that its request to seal the record from public viewing was (1) altruistic and made out of an "abundance of caution," and (2) to "mitigate any possible damages" in the adversary class. Motion for Reconsideration at ¶4. Aurora fails in its Motion here to indicate that the purpose of the requests were to manufacture a technicality to deny Named Plaintiffs their ability to proceed as representatives in the adversary case, not merely to mitigate damages. An examination of Aurora's strategic use in this adversary of the request to seal in the underlying bankruptcy cases is informative.

The adversary is a class action in which Named Plaintiffs Ortiz, Lindsey and Jones seek to be named representative plaintiffs of the class. Fed. R. Civ. P. 23 provides the requirements necessary for a class action. Representatives of the class must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). To fulfill this requirement, "the adequacy of representation provided in protecting the different, separate, and distinct interests of the absentee [class] members" must be demonstrated. Sec'y of Labor v. Fitzsimmons, 805 F.2d 682, 697 (7th Cir. 1986) (emphasis added); see also Rosario v. Livaditis, 963 F. 2d 1013, 1018 (7th Cir. 1992). This requirement means that the representatives must be able to zealously represent and advocate

---

[3] of the July 21, 2009 Order pending in each of the Named Plaintiffs' underlying cases

8

on behalf of the class as a whole. Lucas v. GC Servs. L.P., 226 F.R.D. 337, 341 (N.D. Ind. 2005).

The Named Plaintiffs contend that their interests are coincident with the general interests of the class. Only in the Named Plaintiffs' underlying bankruptcy cases did Aurora make requests to seal proofs, not for the remaining class of debtors and estates.

Named Plaintiffs seek mandatory injunctive relief. Aurora has tried to muddy the waters by making the *ex parte* unilateral request, without notice to the Named Plaintiffs (Debtors), to the Court's clerk to seal from public view the proofs of claim. The idea is to pick off the Named Plaintiffs, moot their individual claims, and then argue to this Court that named Plaintiffs cannot serve as representatives of the class members for the injunctive relief. See, Aurora Health Care, Inc.'s Brief In Support Of Its Motion To Dismiss The Complaint, Docket #10 at 5-6.

The defense strategy to create mootness of named plaintiffs' claims has been employed before and Courts are wary of this tactic. Courts are split as to how to address this tactic and still provide justice. Issues of mootness generally apply when a defendant presents offers of judgment to the named plaintiffs only, equal to or greater than the demand, at a maximum statutory damage (a Rule 68 offer). By doing so, the named parties claims no longer exist. See e.g., Holstein v. City of Chicago, 29 F. 3d 1145, 1147 (7th Cir. 1994).

When a defendant attempts to moot a class claim through an offer of judgment, which implies notice to the named plaintiffs involved, prior to the filing of a class certification motion, courts in the 7th Circuit have concluded that the filing of a motion to certify during the ten-day period after the offer of judgment prevents mootness of a case. Radaj v. ARS National Services, Inc., 2006 U.S. Dist. LEXIS 68883 at *11; see also, W. Ry. Devices Corp., 2006 U.S. Dist. LEXIS 43867 at *6, 2006 WL 1697119 at *3. The Third Circuit has found that if plaintiffs do

9

not engage in undue delay in filing class certification motions after offers of judgment are made (to moot named plaintiffs' claims), "a motion for class certification made after a *Rule* 68 offer of judgment will relate back to the filing of the class complaint." Radaj, at *11-*12 citing Weiss v. Regal Collections, 385 F. 3d 337, 348 (3d Cir. 2004). Otherwise, "allowing the defendants here to 'pick off' a representative plaintiff with an offer of judgment…may undercut the viability of the class action procedure, and frustrate the objectives of this procedural mechanism for aggregating small claims…" Weiss at 344.

Plaintiffs here responded with a Motion for Class Certification filed within 10 days of this Court's Order of July 21, 2009. This Court's Order again is the result of the *ex parte* telephone conference between Aurora and the Court's clerk. Aurora made a request, that request was not shared with named Plaintiffs, nor was the request made in this adversary proceeding, but rather in the underlying bankruptcy cases.

It was only when this Court recognized the request on July 21, 2009 did the Court provide an Order. As such, whether mootness of a Named Plaintiffs action is analyzed under the rule in Weiss or the 10 day standard, or even under a more general due process standard[4], Named Plaintiffs remain adequate representatives to seek injunctive relief for the class members and the Plaintiffs injunctive relief claim cannot be dismissed here.

### 2. Case Law Indicates That The Defendant Cannot Unilaterally Moot Plaintiffs' Class Claim For Injunctive Relief.

"When mootness occurs as to injunctive or other equitable relief sought, the action will not be dismissed as long as other claims for relief, such as for declaratory judgment, for damages, or for a prospective injunction remain." 1 Herbert Newburg & Alba Conte, Newberg

---

[4] "(Due) process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), quoted in Wright v. Califano, 587 F. 2d 345, 355 (7th Cir. 1978) (internal cite omitted).

10

on Class Actions §2:14 (4th ed. 2002); See also, Degregorio v. O'Bannon, 86 F.R.D. 109 (E.D.Pa. 1980) (Class plaintiff whose claim for injunctive relief, but not her claim for damages was moot could nevertheless represent a class seeking prospective injunctive relief).

Defendant claims to have voluntarily ceased its conduct against only the Named Plaintiffs. Voluntary cessation does not moot the ongoing refusal to correct the court records for all non-named class members. Additionally, there is no guarantee that Defendant will not resume its conduct against future Chapter 13 debtors. "[A]uthenticity of voluntary cessation is often suspect when motivated by a pending litigation." Newburg on Class Actions at §2:15 fn 2, citing Gates, Memorandum on the Law of Mootness—Part I, 3 Clearinghouse Rev. 213 (1970) (additional cites omitted).

Additionally, "[w]hen conditions change so that relief sought by the plaintiff has been obtained or is no longer feasible, the action will not be dismissed as moot if it is shown that the change in conditions was caused by defendant…" Newburg On Class Actions at §2:17. Courts have also rejected gamesmanship which allows "defendants to escape liability by giving benefits only to the named plaintiffs." Williams v. Schweiker, 541 F. Supp. 1360 (E.D. Mo. 1982), cited in Newburg On Class Actions at §2:17. See also, Custom v. Taylor, 74 F.R.D. 409 (N.D. Ill. 1977).

Under any fair analysis, Defendant cannot use stealth pick-off techniques to moot the class rights and representation by the Named Plaintiffs. As such, the First Cause of Action cannot be dismissed on this basis.

> **D. Wis. Stat. §146.82 Does Not Allow Release Of Patient Healthcare Records By Aurora Beyond "The Extent Needed" For Billing Collection Or Payment Of Claims.**

11

The relevant question regarding the Motion to Dismiss the Second Cause of Action is whether there are facts that can indicate Aurora violated Wis. Stat. §146.82. Defendant maintains that there are none. Defendant states:

> Aurora's alleged disclosure of Debtors' health care records is permitted under the "billing, collection or payment of claims" exception to the general rule of nondisclosure. Moreover, damages for a violation of Wis. Stat. § 146.82 are not available where, as here, the disclosure is made in good faith. For both of these reasons, the Debtors' Complaint fails to state a claim for a violation of Wis. Stat. § 146.82.

Defendant's Brief at 7.

Wis Stat. §146.82 actually states in pertinent part:

> (1) CONFIDENTIALITY.
>     All patient health care records shall remain confidential…
> (2) ACCESS WITHOUT INFORMED CONSENT.
>     (a) Notwithstanding sub. (1), patient health care records shall be released upon request without informed consent in the following circumstances:…
>     3. **To the extent that the records are needed** for billing, collection or payment of claims.

Wis. Stat. §146.82 (in pertinent part)(emphasis added).

Defendant relies on State v. Allen, 200 Wis. 2d 301, 310, 546 N.W.2d 517, 521 (WI. App. 1996) for the proposition that Wis. Stat. §146.82 (2)(a)3 allows patient health care records to be disclosed in the public records for billing purposes. State v. Allen says nothing of the sort and is not on point. State v. Allen is a criminal appeal of a conviction for public assistance fraud. Id. at 304. A hospital employee informed the State Department of Human Services (DHS) that Mr. Allen had received services at the hospital under two different names, to obtain governmental payment for treatment under Title 19. DHS informed the Sheriff's Department which investigated the matter. Billing records were supplied by the hospital to the Sheriff's

12

Department. "The investigators did not receive any detailed medical treatment information." Id. at 305.

The State v. Allen court found that DHS had an independent right to request hospital records it deems appropriate under Wis. Stat. §46.25(2m). Id. at 307.[5] Defendant Aurora attempts to glean from State v. Allen that carte blanche disclosure of patient healthcare records is allowed if Aurora is attempting to collect a bill. To do so would make the statutory phrase "[t]o the extent the records are needed…" in Wis. Stat. §146.82(2)(a)3 superfluous.

Not only does the Wisconsin Court of Appeals disagree with Aurora's position (see footnote 5, *supra*), but the Wisconsin Supreme Court has made it clear that phrases within a statute are not to be ignored.

> [A]lthough "it is true that statutory interpretation begins with the language of the statute, it is also well established that courts must not look at a single, isolated sentence or portion of a sentence, but at the role of the relevant language in the entire statute." Alberte v. Anew Health Care Serv., 2000 WI 7, P10, 232 Wis. 2d 587, 605 N.W.2d 515. Moreover, in interpreting a statute, courts must attempt to give effect to every word of a statute, so as not to render any portion of the statute superfluous. County of Jefferson v. Renz, 231 Wis. 2d 293, 305, 603 N.W.2d 541 (1999).

Landis v. Physicians Ins. Co. of Wis., Inc., 2001 WI 86, P17 (Wis. 2001).

If Aurora is correct, then simply the statute will bear the same meaning if it read "3. billing, collection or payment of claims" as it currently reads with the phrase "To the extent that the records are needed for." All Wisconsin appellate courts oppose Aurora's view. Plaintiff's second cause of action cannot be dismissed based on Aurora's incorrect contention.

---

[5] The Court of Appeals in State v. Allen continued: "We stress that §46.25(2m), STATS., does not give DHS carte blanche authority to request all medical records of an applicant. Rather, the requested records must relate to the 'appropriate and necessary' administration of the relevant statutes. Id. at 307, fn 3.

13

Grasping at its last straw, Aurora then argues that it made the disclosures of the Plaintiffs' healthcare records in good faith under Wis. Stat. §146.84. The pertinent statutory section, Wis. Stat. §146.84(1)(a) actually says: "A custodian of records incurs no liability under par. (bm) for the release of records in accordance with s. 146.82 or 146.83 while acting in good faith." Wis. Stat. §146.84 (1)(a).

Wis. Stat. §146.82(1) has three subsections: (a) a good faith exemption from healthcare records releases under subsection (bm); (b) liability for knowing and wilfull healthcare records release violations to which no good faith exemption applies and (bm) liability for negligent healthcare records release for which a "good faith" exemption may apply.

Again, the standard for a Motion to Dismiss is whether there is a violation assuming the Plainitffs' allegations are true, not based on the unsupported allegations of the defense. The Defendant summarily states that it acted in good faith. That is irrelevant.

Allegation 25 of the Complaint indicates that Defendant has previously been the subject of a lawsuit entitled <u>Ottow v. Aurora Health Care,</u> EDWI, Adv. Proc. No. 08-02274. Allegation 26 of the Complaint states, "On information and belief Aurora settled the lawsuit privately, its representatives understood that redaction was required and has willfully ignored the harm it has created to others besides the Ottow plaintiffs."

A reasonable (and easy to verify) inference exists that Aurora changed its practice after settlement of <u>Ottow</u> and actually files proofs of claim today which list only four digits of the financial account billing number and no evidence of the sensitive medical data complained of. Indeed, when one looks at the substituted proofs of claims Aurora has now filed in the Named Plaintiffs underlying cases, it is apparent, that the sensitive medical information is no longer contained in the amended proofs of claim. There are adequate allegations of willful violations of

14

Wis. Stat. §146.82 and negligent violation of Wis. Stat. §146.82. The defense of "good faith" to the negligent violation allegations is insufficient to support the Motion to Dismiss.

## CONCLUSION

The two causes of action cannot be dismissed. The first cause of action is an objection to a proof of claim. It is combined with a demand for injunctive relief and with claim number two, an action for monetary damages. Consequently, it is properly before the Court as an adversary action. On the face of the Complaint allegations include the fact that the proof of claim violated bankruptcy rules and court orders. The attempt by Defendant to moot the injunctive relief for the class, after the commencement of the lawsuit, must fail because Defendant's actions were voluntary, unilateral, *ex parte* attempts to moot a class for a repetitive harm capable of evading review. Due process and the fact that Named Plaintiffs also continue to maintain a claim for monetary relief require that in this case, Named Plaintiffs can maintain representation for the injunctive claim as well as for the damages claim. For purposes of the injunctive relief, Named Plaintiffs were part of the injured class at the outset of this litigation and the injunctive class must "relate back" to the date the Complaint was first brought.

The Second Cause of Action likewise cannot be dismissed because the allegations in the Complaint allege that the healthcare records disclosed were beyond the extent necessary as contemplated in Wis. Stat. §146.82. The allegations that the release of healthcare records were not in accord with Wis. Stat. §146.82 and the question of good faith make dismissal of the second cause improper.

Wherefore, this Court must deny the Defendant's Motion To Dismiss the Complaint in this matter.

Respectfully submitted this 21st day of August, 2009.

/s/ Michael J. Watton
Michael J. Watton, Esq.
Michael J. Maloney, Esq.
Victoria Kies Garoukian, Esq.
Watton Law Group
225 E. Michigan Street, Suite 550
Milwaukee, Wisconsin 53202

16