UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re
Rene R. Ortiz,                                                               Case No.: 07-22466-svk

Douglas Lynn Lindsey and                            Case No.: 08-27374-svk
Betty Jane Lindsey, and

Valerie Jones,                                                  Case No.: 07-25336-svk
                   Debtors.

Rene R. Ortiz, et al.,

                 Plaintiffs,                                Adversary Case No. 09-2199

v.

Aurora Health Care, Inc.,

                 Defendant.

## MEMORANDUM DECISION AND ORDER
## DENYING PLAINTIFFS' MOTION TO ABSTAIN

This adversary proceeding was filed on June 23, 2009, and alleges that the Defendant, Aurora Health Care, Inc., ("Aurora") attached invoices containing confidential medical records to proofs of claim filed by Aurora in the Debtors' bankruptcy cases, in violation of Bankruptcy Rule 9037 (Count I) and a Wisconsin statute (Count II).[1] On July 23, 2009, Aurora filed a Motion to Dismiss the Complaint. After briefing, including an amicus brief from the Wisconsin Hospital Association, on October 6, 2009, the Court dismissed Count I of the Complaint alleging that Aurora violated Bankruptcy Rule 9037. However, the Court did not dismiss Count II, but instead requested additional briefs on the limited issue of whether the medical records attached to Aurora's proofs of

---

[1] Three adversary proceedings filed in this Court by Rene Ortiz, Douglas Lindsey and Valerie Jones (the "Debtors") have been consolidated for purposes of trial. On November 9, 2009, two other debtors, Kathy Bembenek and Susan Dandridge (collectively "Bembenek") filed an action in the Circuit Court for Milwaukee County, alleging that Aurora attached confidential medical records to proofs of claim in their bankruptcies. On December 4, 2009, Aurora removed the Bembenek case to this Court, and Bembenek has moved to remand the proceedings back to the State court.

claim exceeded "the extent needed" for billing, collection and payment of the claims as described in Wis. Stat. § 146.82. After additional briefing, including an amicus brief filed by the Wisconsin Medical Society, on November 10, 2009, the Court held a hearing and denied the Motion to Dismiss Count II, finding under the test enunciated in the Supreme Court's decision in *Ashcroft v. Igbal*, 129 S. Ct. 1937 (2009), that the Complaint set forth a "plausible claim" that Aurora's proofs of claim violated the Wisconsin statute.

On December 11, 2009, the Debtors filed the instant Motion for Abstention, arguing that, since the only remaining claim is grounded in State law, and that law is unsettled, this Court should abstain and allow the issue to be determined in a Wisconsin court. Aurora objected to the abstention, and on December 30, 2009, filed a Motion to Withdraw the Reference of this adversary proceeding to the District Court. Importantly, neither Aurora nor the Debtors filed a motion to stay the proceedings in this Court pending the District Court's decision on the Motion to Withdraw the Reference. Bankruptcy Rule 5011(c) provides that the mere filing of a Motion to Withdraw the Reference "shall not" stay the pending proceedings in this Court, absent such a request. Accordingly, on January 5, 2010, this Court held a scheduled hearing on the Debtors' Motion for Abstention. This Memorandum Decision constitutes the Court's findings of fact and conclusions of law on the abstention Motion.

### ANALYSIS

A bankruptcy court's abstention from an adversary proceeding may be mandatory under 28 U.S.C. § 1334(c)(2) or permissive under 28 U.S.C. § 1334(c)(1). As the moving parties, the Debtors have the burden of proof to demonstrate that abstention is appropriate. *See H.J. Rowe, Inc., v. Sea Prod., Inc. (In re Talon Holdings, Inc.),* 221 B.R. 214, 221 (Bankr. N.D. Ill. 1998) (party seeking abstention has burden of showing abstention is appropriate); *Goodman v. Phoenix*

2

*Container, Inc. (In re DeMert & Dougherty, Inc.),* 271 B.R. 821, 842 (Bankr. N.D. Ill. 2001) (same).

## Mandatory Abstention – 28 U.S.C. § 1334(c)(2)[2]

"Since there can be no exercise of discretion if abstention is required, this decision considers mandatory abstention first." *In re DeMert & Dougherty, Inc.,* 271 B.R. at 842. Mandatory abstention under § 1334(c)(2) requires satisfaction of five elements:

> (1) timely motion of a party, (2) relating to a cause of action arising under state law, (3) which is a non-core proceeding in bankruptcy court, (4) where the only basis for federal jurisdiction is § 1334, and (5) that has also been commenced in a state forum of appropriate jurisdiction.

*Bennett v. Sveinsvoll (In re Bennett),* 376 B.R. 918 (Bankr. W.D. Wis. 2007). The statute is phrased in the conjunctive; all five elements must be met in order for the bankruptcy court to recognize mandatory abstention. *In re DeMert & Dougherty, Inc.,* 271 B.R. at 842. Arguably, the Debtors' Motion to Abstain was timely, and State law is certainly implicated — the remaining Count of the Complaint alleges a violation of a Wisconsin statute. Moreover, there is no diversity jurisdiction in this case; federal court jurisdiction arises here solely under 28 U.S.C. § 1334. However, these Debtors have not "commenced [an action] in a State forum of appropriate jurisdiction." *See* 28 U.S.C. § 1334(c)(2). The Debtors argue that the Bembenek lawsuit against Aurora should be remanded to the State court and can then be considered the duly-commenced State court litigation for purposes of mandatory abstention. However, even if that tenuous argument were accepted, this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (C), and a required

---

[2] 28 U.S.C. § 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

3

Case 09-02199-svk    Doc 81    Filed 01/05/10    Page 3 of 8

element for mandatory abstention is still missing. Whether the proceeding is a core or noncore proceeding is also relevant for determining permissive abstention, as will be fully examined below.

## Permissive Abstention – 28 U.S.C. § 1334(c)(1)

Although mandatory abstention in this case is clearly not required, permissive abstention under § 1334(c)(1) presents a closer question. Section 1334(c)(1) states that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Courts have developed a list of factors which are to be applied "flexibly" to determine whether permissive abstention is appropriate.

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 6 F.3d 1184, 1189 (7th Cir. 1993).[3]

Factors (1), (4), (8), (9), (10), (11) and (12) either do not apply or do not militate toward abstention. For example, this Court's decision to abstain or to continue to exercise jurisdiction will have no effect upon the continued administration of the Debtors' estates; all of the Debtors are performing under confirmed Chapter 13 plans.[4] There will be no delay in the payments being made

---

[3] The Seventh Circuit has stressed that no one factor is determinative, as "their relevance and importance will vary with the particular circumstances of each case." *In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 6 F.3d at 1189.

[4] That is not to say there is no effect on the size of the Debtors' estate depending on the outcome of the litigation.

4

to creditors under these confirmed plans, whether this Court or another oversees the adversary proceeding. Similarly, this litigation is not a burden on this Court's docket, as evidenced by the proceedings to date, in which dispositive motions have been efficiently briefed and decided.

In applying the remaining factors, at first glance, the dismissal of the "bankruptcy count" of the Complaint might suggest that abstention in favor of a State court is appropriate in deference to that court's expertise in interpreting Wisconsin law. Indeed, the Debtors cite two cases for the proposition that once the bankruptcy law issues have been dismissed from a complaint, the bankruptcy court should abstain from considering the remaining State law issues. *See Chapman v. Currie Motors,* 65 F.3d 78 (7th Cir. 1995), and *In re Import & Mini Car Parts,* 1996 U.S. App. LEXIS 25992 (7th Cir. Sept. 27, 1996). However, the facts of those cases are completely distinguishable from this case. In *Chapman*, the underlying bankruptcy case had been dismissed. Even then, the Seventh Circuit held that while a court may relinquish its "related to" jurisdiction over an adversary proceeding, it was not required to do so.[5] Since the parties to the adversary proceeding in *Chapman* had no ties whatsoever to *any* federal interest, bankruptcy or otherwise, the Court of Appeals found that the court *could* relinquish its hold on the case, stating: "So tenuous is the federal link that the court ought to have the power to relinquish jurisdiction over the adversary claim if no possible federal interest, including the interest in reducing the cost of the bankruptcy process, would be served by retention." 65 F.3d at 81-82. *Chapman* is clearly distinguishable from this case, which involves a challenge to proofs of claim filed in pending bankruptcy proceedings.

Likewise, in *Mini Car Parts*, a case concerning an asset that was assigned and transferred out of the bankruptcy estate, the Seventh Circuit found that the adversary proceeding had no more

---

[5] The Seventh Circuit reasoned that "[o]rdinarily, when a case is within federal jurisdiction when filed, it remains there even if subsequent events eliminate the original basis for the jurisdiction." *Chapman v. Currie Motors,* 65 F.3d 78 (7th Cir. 1995) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 293 (1938) and *Pratt Cent. Park Ltd. Partnership v. Dames & Moore,* 60 F.3d 350 (7th Cir. 1995)).

than a mere tangential relationship to the original bankruptcy case, and no relation to the administration of the bankruptcy estate. Moreover, the Court of Appeals noted that because the dispute did not involve a claim "arising under," "arising in" or even "relat[ing] to" the underlying bankruptcy case, it would have no "affect on the amount of property available for distribution or the allocation of property among creditors." *Mini Car Parts,* 1996 U.S. App. LEXIS 25992, at *7. The nature of the adversary proceeding in *Mini Car Parts* is readily distinguishable from this case involving the proofs of claim filed by a creditor against the bankruptcy estate, and the consideration of whether those proofs violated the Debtors' privacy rights.

While the Debtors strenuously argue that unsettled issues of State law prevail here,[6] the overriding critical issue in this case involves bankruptcy law. This adversary proceeding started when Aurora filed proofs of claim that allegedly violate privacy laws. But for the proofs of claim -- pleadings that are unique to the bankruptcy court -- this adversary proceeding would not have been filed. The inception of this adversary proceeding in bankruptcy court, beginning with the filing of proofs of claim in the Debtors' bankruptcy cases, means that the proceeding falls within the core jurisdiction of this Court. Aurora concedes as much. *See* Aurora's Brief at 10-11 (noting "it is clear that the claim asserted in this adversary proceeding arises in title 11 cases… therefore, a core proceeding"). And the Debtors' Complaint at Paragraph 4 states: "This is a 'core proceeding' under the Bankruptcy Code because it concerns substantive bankruptcy issues that could only arise in the bankruptcy context and concern administration of the estate."

In making the determination of whether an action is a core proceeding, the Seventh Circuit has adopted the approach of *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir. 1987), that a

---

[6] The Debtors argue the law is unsettled because there is little if any helpful precedent to assist the Court. As Aurora points out, the lack of state court judicial authority "does not necessarily mean that the law is so unsettled as to require submission of the issue to a state tribunal." *In re Chicago, Milwaukee, St. Paul and Pacific R.R. Co.*, 654 F.2d 1218, 1221 (7th Cir. 1981). This Court agrees with Aurora that this case involves a straightforward application of an unambiguous statute.

6

"proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *See Barnett v. Stern,* 909 F.2d 973, 981 (7th Cir. 1990) ("We believe that the approach of *Wood* and its progeny reflects most precisely the constitutional policy concerns expressed by the Supreme Court . . . and by Congress in the Bankruptcy Amendments and Federal Judgeship Act of 1984"). This adversary proceeding, alleging that proofs of claim violate privacy laws, could only arise in the context of a bankruptcy proceeding because proofs of claim are only filed in bankruptcy cases. The definition of core proceedings in 28 U.S.C. § 157(b)(2)(B) and (C) expressly includes allowance or disallowance of claims and counterclaims by the estate against persons filing claims against the estate. The Debtors themselves cited § 157(b)(2)(C) (designating a counterclaim to a proof of claim as a core proceeding) in their Complaint. *See* Compl. at ¶ 4; *see also Bankruptcy Serv., Inc. v. Ernst & Young (In re CBI Holding Co.)*, 529 F.3d 432 (2d Cir. 2008) (matters integrally related to proof of claim were core); *In re K&R Express Sys., Inc.*, 382 B.R. 443, 447 (N.D. Ill. 2007) (even non-core claims can be regarded as core matters when the arise out of the same transaction as the creditor's proof of claim). Following this rationale compels the conclusion that this adversary proceeding falls squarely within this Court's core jurisdiction.

Moreover, Aurora's Answer raises defenses that require the application of bankruptcy law and the interpretation of the Debtors' plans and this Court's confirmation orders. In these contexts, the Seventh Circuit has found that "abstention is the exception rather than the rule." *In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 6 F.3d at 1189; *see also Int'l Coll. of Surgeons v. Chicago,* 153 F.3d 356, 360 (7th Cir. 1998) ("doctrine of abstention is an 'extraordinary and narrow exception' to a federal court's strict duty to adjudicate a controversy properly before it and it 'may be invoked only in those 'exceptional circumstances' in which surrendering jurisdiction 'would

7

clearly serve an important countervailing interest'") (citations omitted). Indeed, the Seventh Circuit has found that when application of federal bankruptcy law can resolve the dispute without first considering the issue of state law, it is an abuse of discretion for the bankruptcy court to abstain from doing so. *See In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 6 F.3d at 1186 ("Abstention is but a narrow exception to the exercise of federal jurisdiction, and the reorganization court should not abstain from interpreting its own consummation order absent extraordinary circumstances. The reorganization court is clearly in the best position both to interpret the consummation order and to determine whether [the Plaintiff] had a contingent claim that should have been filed in the reorganization"). This consideration also bears weight on the question of judicial economy, as this Court is exceedingly familiar with the applicable bankruptcy law, bankruptcy plans and confirmation orders.

In summary, this Court should not abstain because this adversary proceeding is grounded in a unique creature of bankruptcy law – the proof of claim — and Aurora's defense raises the interpretation of this Court's own confirmation orders. It would not be appropriate to shirk this Court's jurisdiction in favor of a State court, likely to be less familiar with the bankruptcy law issues that continue to permeate this proceeding.

For the foregoing reasons, the Debtors' Motion Requesting that the Court Abstain from Jurisdiction is denied.

IT IS SO ORDERED.

Dated: January 5, 2010

By the Court:

/s/ Susan Kelley

Susan V. Kelley
U.S. Bankruptcy Judge